```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SIDNEY TYGHTER,                    :
                                   :
    Plaintiffs,                    :
                                   :
V.                                 :
                                   : CASE NO. 3:09-CV-610(RNC)
BEACHSIDE CAPITAL PARTNERS,        :
INC. and BROOKSIDE MOTORS,         :
LLC,                               :
                                   :
    Defendants.                    :
```

## RULING AND ORDER

Plaintiff, formerly employed as a mechanic for Brookside Motors LLC ("Brookside"), brings this action alleging employment discrimination against Brookside and a related company, Beachside Capital Partners, Inc. ("Beachside"). Plaintiff claims that Beachside is liable for the actions of Brookside under the single employer doctrine. Beachside has moved to dismiss under F.R.C.P. 12(b)(6) for failure to state a claim on which relief can be granted. Beachside contends that the plaintiff has failed to allege facts to support a claim against it under the single employer doctrine. For reasons explained below, the allegations are sufficient. Accordingly, the motion is denied.

I.  Facts

The second amended complaint alleges the following facts, which must be accepted as true for purposes of the motion to dismiss. Plaintiff, an African American, worked for the

1

defendants for almost forty years, most recently as shop foreman of Brookside's automotive repair shop (Second Am. Compl. ¶ 15). On January 6, 2006, the defendants terminated his employment after eliminating the shop foreman position and replacing it with two team leader positions (id. at ¶ 17, 19). Plaintiff was not given an opportunity to apply for either of the team leader positions, which were given to two substantially younger employees with less experience, neither of whom is African American (id. at ¶¶ 18, 20, 23). Defendants' decision to terminate the plaintiff's employment was motivated by improper considerations of race and age (id, at ¶ 33).

Plaintiff alleges that both defendants are responsible for terminating his employment. He alleges that Beachside owns Brookside and controls Brookside's management, operations, human resources and finances (id. at ¶ 11(b)). He contends that the owners of Beachside - James McManus, Mitchell McManus and Edmund McGill - own and control Brookside through their ownership of Beachside (id. at ¶ 11(c)). Other allegations include the following: Beachside is a member of Brookside, (id. at ¶ 11(a)); the two companies do business at the same address (id. at ¶ 10), share a mailing address (id, at 12) and use each other's employees interchangeably (id. at 10); Edmund McGill is a senior employee of Brookside (id. at ¶ 14); and Mitchell McManus, Beachside's agent for service of process, participated in the

decision to terminate plaintiff's employment (id. at ¶ 11(d)).

II. Discussion

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. V. Twombly, 559 U.S. 544, 570 (2007). The allegations of the second amended complaint with regard to the claim against Beachside under the single employer doctrine are sufficient to meet this standard.

The applicability of the single employer doctrine turns on four factors: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management and (4) common ownership or financial control. See Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240 (2d Cir.1995). The second factor, focusing on "[w]hat entity made the final decisions regarding employment," is the most important. Id.

With regard to the second factor, the plaintiff has alleged that Mitchell McManus, a Beachside owner and its agent for service of process, participated in the decision to terminate his employment. That allegation, viewed in the context of the other allegations listed above, creates a plausible inference that Beachside made the final decision regarding plaintiff's employment. More is not required of the plaintiff at this stage. See Murphy v. Sony Corporation, No. 97 CIV 7031 (HB), 1998 WL

3

386436, *4 (S.D.N.Y. 1998) (motion to dismiss denied when plaintiff alleged that defendant's director of human resources participated in severance negotiations.)

Plaintiff's allegations also are sufficient to satisfy the other Cook factors. The allegations that Beachside and Brookside share officers, employees, addresses and office space allow plausible inferences that the companies' operations are interrelated and under common management. The allegation that Beachside is a member of Brookside permits an inference that the two companies are under common ownership or financial control.

III. Conclusion

Accordingly, Beachside's motion to dismiss [doc. 30] is hereby denied.

So ordered this 30th day of September 2010.

          /s/ Robert N. Chatigny
            Robert N. Chatigny
         United States District Judge